Dear Ms. Beck:
You advise this office that the Louisiana School for the Deaf and Visually Impaired contemplates hiring Ms. Donna Sullivan-Rowe as a Coordinator of the Parent and Pupil Education Program. Ms. Rowe currently holds a professional services contract with a state executive branch agency, specifically, the Department of Health and Hospitals (DHH), Office for Citizens with Developmental Disabilities. These facts prompt you to ask this office whether or not state law permits Ms. Sullivan-Rowe to hold state employment with the School for the Deaf while also holding a professional services contract with DHH.
The facts related indicate that Ms. Sullivan-Rowe has a contract currently with DHH, pre-existing her potential state employment with the School for the Deaf. La.R.S. 39:1498(A)(4)[1] prohibits acurrent state employee from entering into a professional, personal, consulting, or social services contract with a state agency. La.R.S. 39:1498(A)(4) does not prohibit a person who already has such a contract with a state agency from being employed by another state agency. Accordingly, it is the opinion of this office that Ms. Sullivan-Rowe is not prohibited by La.R.S. 39:1498(A)(4) from continuing to hold her current and pre-existing *Page 2 
contract with DHH and also accepting a position of state employment with the Louisiana School for the Deaf.
However, when her current contract with DHH expires, Ms. Sullivan-Rowe may be prohibited from renewing the contract with DHH, unless she falls within the exemption provided by La.R.S. 39:1498.2 and becomes eligible to renew her contract with DHH subsequent to her hiring by the School for the Deaf. La.R.S. 39:1498.2 provides:
 § 1498.2 Professional, personal and consulting service contracts with state employees.
 A. State agency personnel in the medical, nursing or allied health fields, state employees who are qualified to serve as interpreters for the deaf, faculty members of public institutions of higher education, and state employees selected to serve as instructors in the paralegal studies course of the division of continuing education at a state college or university may be employed by other state agencies through a contract for professional, personal, consulting, or social services in accordance with rules and regulation adopted by the office of contractual review . . .
[Emphasis added.]
You have provided this office with a description of the job requirements attendant to Ms. Sullivan-Rowe's potential position with the School for the Deaf. One such mandatory requirement is that the applicant must possess advanced sign language proficiency. Assuming that Ms. Sullivan-Rowe is in fact qualified to serve as an interpreter for the deaf in her state employment with the School for the Deaf, and further assuming Ms. Sullivan-Rowe is in fact hired by the School for the Deaf, it is the opinion of this office that Ms. Sullivan-Rowe would be eligible under La.R.S. 39:1498.2 to renew her current contract with DHH subsequent to her hiring by the School for the Deaf.
Please note that this opinion does not address the potential applicability of the provisions of the Louisiana Code of Governmental Ethics, La.R.S. 42:1111, et seq. Advisory rulings addressing questions under the Ethics Code are within the jurisdiction of the Louisiana State Board of Ethics. The Board may be contacted at the following address: P.O. Box 4368, Baton Rouge, LA 70821, phone: 225-219-5600. *Page 3 
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:_________________
 KERRY L KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] La.R.S. 39:1498(A)(4) provides that "no current state employee will engage in the performance of the proposed contract except as provided for in R.S. 39:1498.2."